UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FLOYD ADAMS, Petitioner | CIVIL ACTION NO. 1:17-CV-314-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Floyd Adams ("Adams") (#21104-078). Adams is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Adams challenges the calculation of his sentence by the BOP.

I.    Background

Adams was convicted of possession of a stolen firearm, and sentenced to 120 months of imprisonment. (Case No. 6:13-cr-0037 E.D. Tex, Doc. 42). The court recommended that "the Bureau of Prisons designate the Texas Department of Criminal Justice – Institutional Division to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment or future term of imprisonment pursuant to the judgment in Docket Number 40,144-A, Possession of a Controlled Substance, 188th District Court, Gregg County, TX." (Case No. 6:13-cr-0037 E.D. Tex, Doc. 42).

Adams complains that he did not receive all the credit to which he was entitled. Adams alleges that the state charges were ultimately dropped.

## II. Instructions to Amend

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (quoting United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). An exception to this requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances." See Castano v. Everhart, 235 F. App'x 206, 207 (5th Cir. 2007) (citing Fuller, 11 F.3d at 62).

Adams was ordered to amend his petition to show he completely exhausted his administrative remedies through each level of the BOP's administrative remedy process. (Doc. 4). Adams was instructed to provide copies of his administrative grievances and the responses received at each level. (Doc. 4).

In response to the Court's order, Adams provided copies of his administrative remedies showing that he exhausted only through the regional level of the administrative remedy process. (Doc. 5). Adams does not indicate that he appealed the Regional Director's decision to the National Director. Nor does Adams

2

demonstrate extraordinary circumstances that kept him from completely exhausting his claim.

Adams shall amend his complaint to state whether or not he completely exhausted by appealing to the national level. If so, Adams shall state the date on which he submitted the appeal to the national level, and shall submit copies of the appeal and the response from the National Director.

III. Conclusion

**IT IS ORDERED** that Adams amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above. Adams failure to comply with this second order to amend may result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 14th day of June, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge