a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FLOYD ADAMS, Petitioner | CIVIL ACTION NO. 1:17-CV-314-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Floyd Adams ("Adams") (#21104-078). Adams is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Adams challenges the calculation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Adams was convicted of possession of a stolen firearm, and sentenced to 120 months of imprisonment. (Case No. 6:13-cr-0037 E.D. Tex, Doc. 42). The court recommended that "the Bureau of Prisons designate the Texas Department of Criminal Justice – Institutional Division to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment or future term of imprisonment pursuant to the judgment in Docket Number 40,144-A,

Possession of a Controlled Substance, 188th District Court, Gregg County, TX." (Case No. 6:13-cr-0037 E.D. Tex, Doc. 42).

Adams complains that he did not receive all the credit to which he was entitled. Adams alleges that the state charges were ultimately dropped.

## II. Law and Analysis

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (quoting United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). Administrative remedies have not been exhausted until the inmate's claim has been filed and denied at all levels. See 28 C.F.R. § 542.15; Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993).

An exception to this requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). The petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).

Adams was ordered to amend his petition to show either that he completely exhausted his administrative remedies through each level of the BOP's administrative remedy process, or that extraordinary circumstances prevented Adams from exhausting. (Doc. 4).

In response to the Court's order, Adams provided copies of his administrative remedies indicating that he exhausted only through the regional level of the administrative remedy process. (Doc. 5).

Adams was then instructed to amend his complaint to state whether or not he fully exhausted by appealing to the national level. (Doc. 6). Adams responded to the order, confirming that he did not appeal to the national level. (Doc. 7). Adams claims that exhaustion would be futile because his other administrative remedies were denied. (Doc. 7). However, a belief that "administrative review will be denied does not make this remedy futile." See Herman v. Wendt, No. 3:03–CV–1204–D, 2004 WL 68018, at *2 (N.D.Tex. Jan.13, 2004) (recommendation of Mag. J. relying on Green v. Meese, 875 F.2d 639, 641 (7th Cir. 1989)), adopted by 2004 WL 557290 (N.D.Tex. Feb.11, 2004). Adams submits no evidence to support his futility claim. Adams has not shown that available administrative remedies are either unavailable or wholly inappropriate to the relief sought.

### III. Conclusion

Because Adams did not exhaust and cannot meet his burden of demonstrating the futility of administrative review, IT IS RECOMMENDED that his petition for writ of habeas corpus (Doc. 1) be DENIED and DISMISSED without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

(14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of July, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge